UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

Oct 02, 2009

FILED
CLERK'S OFFICE

IN RE: CITIGROUP, INC., AUCTION RATE
SECURITIES (ARS) MARKETING LITIGATION (No. II)

Braintree Laboratories, Inc., et al. v. Citigroup Global Markets, )
    Inc., et al., D. Massachusetts, C.A. No. 1:09-10601 )   MDL No. 2043

ORDER VACATING CONDITIONAL TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiffs in this Massachusetts action (*Braintree*) move pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), asking the Panel to vacate its order conditionally transferring the action to the Southern District of New York for inclusion in MDL No. 2043. Citigroup entities and an employee[1] oppose the motion.

After considering all argument of counsel, we find that *Braintree* does not share sufficient questions of fact with previously centralized actions to warrant inclusion in the MDL No. 2043 proceedings. In MDL No. 2043, plaintiffs allege that Citigroup entities and/or its employees made misrepresentations or omissions in the context of the sale of auction rate securities (ARS). As we noted in our original order of transfer, the centralized actions arise under the common factual background surrounding Citigroup's alleged role in manipulating (and contributing to the ultimate collapse of) the ARS market. *See In re Citigroup, Inc., Auction Rate Securities (ARS) Marketing Litigation (No. II)*, 626 F.Supp.2d 1329, 1330 (J.P.M.L. 2009). *Braintree*, however, involves alleged misrepresentations in the sale of ARS which occurred several months after the widespread collapse of the ARS market. Specifically, plaintiffs, according to their complaint, were unaware that they were purchasing ARS. Accordingly, *Braintree* raises distinctly different factual and legal questions from the MDL No. 2043 actions.

---

[*]     Judges Heyburn and Vratil took no part in the decision of this matter.

[1]     Citigroup, Inc., and Citigroup Global Markets, Inc. (collectively Citigroup); and Brian Williams.

-2-

IT IS THEREFORE ORDERED that our conditional transfer order designated as "CTO-1" is vacated insofar as it relates to the District of Massachusetts *Braintree* action.

                        PANEL ON MULTIDISTRICT LITIGATION

                        Robert L. Miller, Jr.
                        Acting Chairman

| | |
|---|---|
| John G. Heyburn II, Chairman[*] | Kathryn H. Vratil[*] |
| David R. Hansen | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr. | |